

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

RTP:PP
F. #2021R00019

December 1, 2023

By ECF

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    United States v. Jeremy Monk
                  Criminal Docket No. 22-442 (FB)

Dear Judge Block:

      The government respectfully submits this letter in advance of defendant Jeremy Monk's sentencing hearing, which is scheduled for December 6, 2023. For the reasons set forth below, the government respectfully submits that a sentence within the range of 24 to 30 months' imprisonment should be imposed in this case.[1]

I.      Background

      The Federal Bureau of Investigation and the Department of Justice's Office of Inspector General has been investigating correction officers at the Metropolitan Detention Center ("MDC") who have received bribes in exchange for smuggling drugs and other contraband into the MDC. See Presentence Investigation Report ("PSR") ¶ 4. As part of the investigation, law enforcement agents reviewed surveillance video, telephone and financial records and interviewed correction officers and incarcerated individuals.

      The defendant was hired by the federal Bureau of Prisons ("BOP") as a correction officer in May 2020. Id. ¶ 6. Within months of joining the BOP, the defendant accepted bribes on multiple occasions in exchange for smuggling contraband into the MDC.

---

[1] The government also respectfully requests that the Court accept the defendant's guilty plea taken before the Honorable James R. Cho.

For example, on December 5, 2020, MDC staff conducted a search of an inmate's cell ("Inmate 1") because an officer smelled marijuana emanating from his cell. Although no marijuana was found, MDC staff recovered a contraband cell phone from Inmate-1's cell. Financial records show that an associate of Inmate-1 attempted to make seven payments in amounts ranging from $750 to $4,000 to the defendant via Cash App in the days prior to this search, but Cash App blocked all the payments. Id. ¶ 7.

On April 15, 2022, MDC staff learned that the defendant had agreed to accept $10,000 in exchange for smuggling contraband into the MDC and leaving it in a staff restroom. That afternoon, MDC staff observed the defendant enter a staff restroom consistent with the intelligence they had received. Immediately after the defendant left the restroom, MDC staff searched it and found more than nine ounces of marijuana hidden on a shelf. The defendant resigned from the Bureau of Prisons three days later. Id. ¶ 8.

On August 2, 2022, the defendant was arrested on a complaint charging him with providing or possessing contraband in a prison, in violation of 18 U.S.C. § 1791. On September 28, 2022, a grand jury returned an indictment charging the defendant with one count of conspiracy to bribe a public official, two counts of receiving bribes as a public official, and two counts of providing and possessing contraband in a prison. On March 20, 2023, the defendant pleaded guilty before the Honorable James R. Cho to Count Two of the Indictment, which charged the defendant with accepting bribes while acting as a public official, in violation of 18 U.S.C. § 201(b)(2)(C).

II. Guidelines Calculation

The government agrees with the Guidelines range as set forth in the PSR:

| | |
|---|---:|
| Base Offense Level (§ 2C1.1(a)(1))) | 14 |
| Plus: More than One Bribe (§ 2C1.1(b)(1)) | +2 |
| Plus: More than $6,500 in Bribes (§ 2B1.1(b)(1)(B)) | +2 |
| Plus: Public Official in Sensitive Position (§ 2C1.1(b)(3)) | +4 |
| Minus: Zero Point Offender (§ 4C1.1) | -2 |
| Minus: Acceptance of Responsibility (§ 3E1.1) | <u>-3</u> |
| Total: | <u>17</u> |

Based on a Criminal History Category of I, the Sentencing Guidelines calculate an advisory range of imprisonment of 24 to 30 months.

The defendant argues that the four-point enhancement under § 2C1.1(b)(3) for being a public official in a sensitive position should not apply. Application Note 4 defines a "sensitive position" as "a position characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process" and lists as examples of public officials who hold a sensitive position "a juror, a law enforcement officer, an election officer, and any other similarly situation individual." Although the Second Circuit does not appear to have addressed whether § 2C1.1(b)(3) applies to correction officers, the Third, Fourth, Fifth, Sixth and Seventh Circuits have found that correction officers at county correctional facilities and federal facilities hold "sensitive positions." See United States v. Zamora, 982 F.3d 1080, 1085-86 (7th Cir. 2020) ("Prison guards are situated similarly to law enforcement officers for purposes of § 2C1.1(b)(3) as explained in Application Note 4(B). The men and women who occupy these positions wield the coercive power of the state to maintain order and safety among the populations they protect. They are responsible for enforcing the rules.") (citation omitted); United States v. Griffith, 781 F. App'x 418, 421 (6th Cir. 2019); United States v. Grosso, 658 F. App'x 43,46-47 (3d Cir. 2016); United States v. Dodd, 770 F.3d 306, 312 (4th Cir. 2014); United States v. Castillo Chairez, 423 F. App'x 361, 362 (5th Cir. 2011); United States v. Guzman, 383 F. App'x 493, 494-95 (5th Cir. 2010); but see United States v. Henderson, 465 F. Supp. 3d 778, 780 (N.D. Ohio 2020) (declining to apply enhancement for state correction officer). Because this case involved the bribing of a correction officer who had decision-making authority like other law enforcement officers, the government submits that the PSR correctly included the enhancement under § 2C1.1(b)(3).

The defendant notes that in another case the government took the position that correction officers do not occupy a "sensitive position." See United States v. Brooks, No. 20-CR-071 (FB). However, upon review of the Probation Department's position and applicable case law, the government subsequently modified its position and argued that the enhancement applied in that case and has consistently argued that the enhancement applied in other cases.[2] Recently, in United States v. Patterson, 22-CR-196 (CBA), Judge Amon found that the enhancement applied – over a defense objection – to a New York City correction officer working on Rikers Island. And, as set forth above, persuasive case law from numerous other circuits demonstrates that this enhancement should apply here.

III.    Analysis

The government respectfully submits that a Guidelines sentence is sufficient but not greater than necessary to achieve the goals of sentencing. As an initial matter, the defendant's conduct was very serious. The defendant smuggled contraband, including

---

[2] See Gov't Sentencing Mem., United States v. Rivas, 20-CR-071 (FB), ECF No. 281 (Apr. 19, 2022); Gov't Sentencing Mem., United States v. Burrell, 22-CR-195 (KAM), ECF No. 70 (Nov. 2, 2023).

marijuana as well as other unknown items, into the MDC in exchange for bribes.  The Bureau of Prisons placed its trust in the defendant to properly administer the very important responsibility of guarding incarcerated individuals but the defendant chose to abuse that trust, betraying the duties he owed to the public, the institution, and his fellow officers.  These contraband smuggling schemes, such as the one the defendant participated in, threaten the safety and integrity of jails.

Second, the defendant's conduct was not aberrational or a one-time mistake.  Beginning within six months of his hiring and continuing until he resigned from the BOP, the defendant accepted bribes and smuggled contraband.  Indeed, the defendant only ceased this criminal activity because he was caught red-handed smuggling marijuana into the jail and resigned instead of being terminated.

A sentence of incarceration would also be consistent with sentences imposed by other Courts.  Although some correction officers have received non-incarceratory sentences for similar conduct, numerous others have received prison terms.  See United States v. Christian Mizell, 18-CR-060 (PKC) (E.D.N.Y.) (19 months' imprisonment for correction officer who received bribes and smuggled in contraband on at least two occasions); United States v. Simon Gordon, 19-CR-352 (CBA) (E.D.N.Y.) (eight months' imprisonment for receiving $10,000 in bribes to smuggle marijuana, tobacco, suboxone and a cell phone); United States v. Victor Casado, 18-CR-374 (RJS) (S.D.N.Y.) (36 months' imprisonment for receiving over $25,000 in bribes to smuggle alcohol and cell phones into federal jail; correction officer also implicitly threatened one of the inmates who paid him); United States v. John Grosso, 15-CR-207 (SRC) (D. N.J.) (correction officer who smuggled a cellphone and cigarettes into prison sentenced to 24 months' imprisonment).  Recently, Judge Amon sentenced a Rikers Island correction officer who received more than $34,000 in bribes to a year and a day in prison even though the defendant had serious health problems.  United States v. Patterson, 22-CR-196 (CBA).

Custodial sentences in these cases are necessary to deter others from engaging in similar conduct.  To be clear, although the government does not allege that the defendant smuggled in fentanyl or a drug that is likely to lead to an overdose, the receipt of bribes by correction officers to smuggle narcotics and other items has caused significant disruption to the safety of incarcerated individuals, and the Court should send a message to other correction officers, responsible for the safety of inmates and their colleagues, that the consequences of bribery will be significant, including a significant term of imprisonment.

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the range of 24 to 30 months' imprisonment.

                                            Respectfully submitted,

                                            BREON PEACE
                                            United States Attorney

                             By:    /s/ Philip Pilmar
                                            Philip Pilmar
                                            Assistant U.S. Attorney
                                            718-254-6106

cc:    Clerk of the Court (FB) (by ECF)
       Kathryn Wozencroft (by ECF)
       Gregory Giblin, United States Probation Officer (by E-mail)